UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10010-RGS

LUIS DE LA CRUZ

V.

FEDERAL BUREAU OF PRISON, ET AL.

MEMORANDUM AND ORDER
January 4, 2012

STEARNS, D.J.

BACKGROUND

On January 3, 2012, plaintiff Luis De La Cruz ("De La Cruz"), a prisoner in custody at FMC Devens in Ayer, Massachusetts, filed a self-prepared Motion for a Temporary Restraining Order (Docket No. 1) with an incorporated memorandum of law and exhibits in support. De La Cruz did not file a separate complaint, but indicated that he seeks emergency injunctive relief before the filing of a civil action and the filing of a motion for a preliminary and permanent injunction.[1]

The crux of his challenge stems from disciplinary sanctions imposed against him by Disciplinary Hearing Officer A. Amico on October 5, 2011, based on the finding that De La Cruz was guilty of violating Prohibited Act Code 200 (Escape from non-secure facility with subsequent voluntary return within 4 hours to Bureau of Prison ("BOP") custody). The sanctions were imposed pursuant to Program Statement 5270.09, a recently enacted provision concerning inmate discipline policies and procedures.[2] De La Cruz received 27 days loss of good time, one year loss of visiting

---

[1] De La Cruz also filed a Letter (Docket No. 1-3) listing the names of the defendants and advising that a "future complaint will be filed in the future with these defendants...." *Id.*

[2] This Program Statement was effective August 1, 2011. It toughened inmate discipline penalties and procedures, as well as established new offenses. Under the Program Statement, an inmate may remain silent at all stages of the disciplinary process, but silence may be used to draw an adverse inference against the inmate. The Disciplinary Hearing Officer may also consider

privileges, six months loss of commissary, six months loss of phone privileges, and 30 days disciplinary segregation. De La Cruz has already served the 30 days in segregation, but continues to serve the remaining sanctions.[3]

In brief, he alleges, *inter alia*, that the defendants have violated his Fourteenth and Eighth Amendment rights and seeks an Order enjoining the defendants (BOP and FMC Devens staff)[4] from enforcing the disciplinary sanction. Additionally, De La Cruz asserts a claim under the Administrative Procedures Act, 5 U.S.C. § 706(2)(B)(C)(D), on the ground that the new Program Statement violates the notice requirement with respect to the maximum punishment to which De La Cruz is exposed.

More specifically, De La Cruz alleges that the defendants are subjecting him, while he is on a suicide watch, to be watched over by inmates who are sex offenders.[5] He also seeks to be provided a mattress whenever he is placed on a suicide watch, and to be provided the food that is given to the general inmate population.[6] As grounds for immediate relief, De La Cruz alleges he will suffer

---

evidence provided by a reliable confidential informant ("CI"), but the inmate will not be informed of the CI's identity. It appears from the attachments to De La Cruz's motion that the Disciplinary Hearing Officer did not rely upon a CI in connection with the Escape charge against him.

[3]De La Cruz also indicates that he intends to file a habeas petition to challenge the loss of good time credit, but would not challenge the other disciplinary sanctions that are the subject of the instant action.

[4]These defendants include the Federal Bureau of Prisons/FMC Devens, Disciplinary Hearing Officer A. Amico, Dr. Lindsey Olden, Psychologist, Dr. Brooks, and John Doe.

[5]De La Cruz claims that while on suicide watch, he was forced to be watched by inmates who are sex offenders, including when he was showering and doing life's necessities naked. He was raped as a child and has been traumatized, and remains traumatized, by that event.

[6]De La Cruz claims that when on suicide watch, he is stripped naked and forced to sleep on the floor for days, and that he is only fed bologna and cheese sandwiches three times a day. He contends the defendants are using suicide watch as a form of punishment, and that the procedures

immediate deprivations. He asserts he has a claim for relief, contending that the due process violation rests on the fact that he was insane, suicidal, and incompetent during the alleged escape incident, and was incompetent when the disciplinary hearing was held.[7]

De La Cruz states that he currently is exhausting his administrative remedies, and filed a final appeal to the BOP's Central Office on December 19, 2011, requesting the BOP to stay enforcement of the sanctions imposed. He argues that he does not have to exhaust his administrative remedies because his challenge is to the regulation itself, not to its consequences; however, he has not asserted any legal authority for the proposition that 42 U.S.C. § 1997e(a) does not apply.[8]

Next, De La Cruz alleges that he is afraid of retaliation by BOP staff. He filed a complaint with the BOP internal affairs office and the Inspector General in Washington, D.C. (apparently alleging racial discrimination and/or retaliation). He also claims that prison staff are telling him that if he does not stop what he is doing, correctional officers Brown and Amico "are going to find a reason to send him to segregation and place him under investigation for any reason." Motion for a Temporary Restraining Order (Docket No. 1 at 4). Further, De La Cruz claims that he will succeed

---

at FMC Devens are unlike other BOP prisons, where the inmates are allowed mattresses and regular food, and the inmates are not watched by sex offenders.

[7]De La Cruz was on suicide watch from September 28, 2011 to October 13, 2011. He claims he attempted to commit suicide on September 28, 2011. In an attachment to his motion, De La Cruz claimed in his administrative appeal that on September 21, 2011, he was found running back to the dormitory at around 2.:00 a.m. He claims he was on camp grounds and never left the grounds, but was suicidal and hallucinating. He went outside because he wanted to kill himself and because a little girl told him to do so. He also claims that defendant A. Amico made threats against him in order to force him to change his statement in connection with the disciplinary hearing.

[8]Section 1997e(a) provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, <u>or any other Federal law</u>, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted.</u>" 42 U.S.C. § 1997e(a) (emphasis in underline added).

on the merits because he is challenging the evidence relied upon by the Disciplinary Hearing Officer, because he never "saw, the process itself." *Id.* at 5.

Finally, De La Cruz seeks appointment of counsel because he is indigent and mentally ill, and, while other inmates are helping him with the instant motion, they may or may not be restrained from further assisting him, depending upon the amount of fear they feel from retaliations.

Accompanying the Complaint, De La Cruz filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) and a Motion to Appoint Counsel (Docket No. 3). In his motion for appointment of counsel, De La Cruz contends he needs the expertise of an attorney, that he is an inpatient mental health inmate, and cannot properly understand or litigate the issues effectively.

DISCUSSION

    A.    The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of De La Cruz's financial disclosures and prison account statement indicating a current balance of $137.29, this court finds that he lacks sufficient funds to pay the $350.00 filing fee for this civil action. However, because this action is being dismissed *sua sponte,* in part, for the failure to file a complaint, no filing fee will be assessed. Accordingly, De La Cruz's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is DENIED without prejudice.

    B.    The Motion for a Temporary Restraining Order; *Sua Sponte* Dismissal

To obtain the extraordinary remedy of preliminary injunctive relief, De La Cruz must show that: (1) he will suffer irreparable harm absent an injunction; (2) the injury outweighs the harm to the defendants if granted; (3) he is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. *Planned Parenthood League of Mass. v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981); *see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop*, 839 F. Supp. 68, 70 (D. Me. 1993) (extending four part preliminary injunction test to temporary restraining

orders). To warrant the more extraordinary relief of a temporary restraining order, De La Cruz must demonstrate that his injury of loss is "immediate and irreparable." Fed. R. Civ. P. 65(b).

As an initial matter, De La Cruz has not certified his efforts to give notice to the adverse parties regarding his request for immediate injunctive relief. Additionally, this court cannot find that De La Cruz has demonstrated sufficiently that *ex parte* immediate injunctive relief is warranted. Specifically, despite his assertion otherwise, he has not shown a likelihood of success on the merits, particularly where sua sponte dismissal is warranted at this time. First, De La Cruz has not filed a "complaint" to formally institute a civil action, as required by Fed. R. Civ. P. 3 (Commencing an Action: "A civil action is commenced filing a complaint with the court.").[9]

Perhaps more importantly, however, De La Cruz has not shown that he has exhausted his administrative remedies with respect to his requested temporary injunctive relief. While De La Cruz asserts that he is "attempting" to exhaust, that is not sufficient; exhaustion must be complete. That is, De La Cruz must "properly exhaust" his administrative remedies, *see Woodford v. Ngo*, 548 U.S. 81, 93-99 (2006) before filing suit, not during the pendency of a civil action. Further, the fact that De La Cruz has filed an administrative appeal is not enough; the exhaustion requirement extends to available administrative appeals as well as to primary grievance procedures. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The exhaustion requirement is not merely *pro forma*; it serves two important purposes. It protects administrative agency authority and promotes judicial efficiency by providing the defendant(s) an opportunity to resolve the dispute without the need for

---

[9]Because De La Cruz has evidenced an intention to file a complaint in the future, the failure to file a complaint along with his motion was not inadvertent. Therefore, this court will not construe the Motion for a Temporary Restraining Order as the necessary complaint required under Fed. R. Civ. P. 3. Moreover, other than listing the names of the defendants, he has not identified the causes of action upon which relief may be granted against each defendant in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure.

court intervention.

While De La Cruz contends he is not required to exhaust administrative remedies because he is challenging a regulation, the court rejects his proffer. As noted above, he provides no legal authority for this distinction, and indeed, his challenge under the Administrative Procedures Act, and his due process challenges, appear to present the type of claims falling squarely under 42 U.S.C. § 1997e(a). It is well settled that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It is clear that De La Cruz presents challenges directly to his disciplinary sanction, which is (despite how De La Cruz characterizes it), a challenge about prison life.

Next, this court recognizes that the exhaustion requirement under the Prison Litigation Reform Act ("PLRA") is an affirmative defense, requiring a defendant to bear the burden of proving a prisoner's failure to exhaust administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Nevertheless, this District Court has held that when a prisoner states in his pleadings that he has not exhausted his administrative remedies, a dismissal *sua sponte* for failure to exhaust is appropriate. *See, e.g.*, *Alexander v. University of Massachusetts Medical School, et al.,* Civil Action No. 09-10776-JLT (Memorandum and Order, Docket No. 64); *Williams v. Massachusetts*, Civil Action No. 08-40016-WGY, at 8-9 (D. Mass. 2008) (*citing Jones*, 549 U.S. at 215 and stating that: "[a]lthough a prisoner is not affirmatively required to plead exhaustion to avoid dismissal upon a preliminary screening, if a prisoner's failure to exhaust appears upon the face of the complaint, the plaintiff has failed to state a claim upon which relief may be granted."). *See also United States v. Del Toro-Alejandre*, 489 F.3d 721, 723 (5th Cir. 2007) ("[T]he usual PLRA practice would permit a district court to dismiss sua sponte a prisoner's complaint for failure to exhaust in the rare instance

where the prisoner's failure to exhaust appeared on the face of [her] complaint."). This rationale is applicable here, where De La Cruz has stated expressly in his motion that he has not completed exhausted his administrative remedies, but is in the process of doing so.

Finally, for completion of the issue of the propriety of granting *ex parte* injunctive relief, this court also finds that De La Cruz has not shown sufficiently that the balance of harms tips in his favor, or that the public interest would not be adversely affected. In short, without the benefit of a response from the defendants with respect to the challenges to the Program Statement itself, or with respect to the specific disciplinary findings and sanctions, this court cannot adequately gauge these factors, and finds that De La Cruz has not met his burden to obtain a temporary restraining order.

In sum, for all of these reasons, this court cannot find that *ex parte* injunctive relief is warranted. Accordingly, De La Cruz's Motion for a Temporary Restraining Order (Docket No. 1) is <u>DENIED</u>, and this action is <u>DISMISSED</u> *sua sponte* for failure to file a complaint and for failure to exhaust administrative remedies. Should De La Cruz seek to reassert claims in this action after he has completely exhausted his administrative remedies, he must file a renewed Motion for Leave to Proceed *in forma pauperis*, along with his prison account statement and a "complaint" that comports with the pleading requirements of Rules and 10 of the Federal Rules of Civil Procedure, setting forth plausible claims against each defendant separately and not collectively, in paragraph (and not narrative) form.[10]

---

[10]Rule 10 of the Federal Rules of Civil Procedure governs the form of pleadings, and requires that a party state claims in numbered paragraphs which are each limited to a single set of circumstances. Fed. R. Civ. P. 10(b). Rule 8(a) requires a plaintiff to include in a complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense.'"

C.     The Motion for Appointment of Counsel

In view of the *sua sponte* dismissal of this action, there is simply no basis to find that appointment of *pro bono* counsel is warranted. Accordingly, De La Cruz's Motion for Appointment of Counsel (Docket No. 3) is DENIED.

CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is DENIED;

2. Plaintiff's Motion for a Temporary Restraining Order (Docket No. 1) is DENIED;

3. Plaintiff's Motion for Appointment of Counsel (Docket No. 3) is DENIED; and

4. This action is DISMISSED *sua sponte* in its entirety.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

*Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). *See Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005); *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004) ("... the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why.").